UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANDREW WASIAK, | ) | Case No.: 2:11-cv-01190-GMN-PAL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| CAL-WESTERN RECONVEYANCE CORPORATION, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

Before the Court is Defendant PNC Bank Mortgage's Motion to Dismiss (ECF No. 7). Plaintiff Andrew Wasiak filed a Response (ECF No. 21) and PNC Bank Mortgage (hereinafter "PNC") filed a Reply (ECF No. 24). Defendant Cal-Western Reconveyance (hereinafter "Cal-Western") filed a Joinder to PNC's Motion to Dismiss and Reply (ECF No. 25).

## FACTS AND BACKGROUND

On May 7, 2004,[1] Plaintiff Andrew Wasiak executed a promissory note in favor of National City Mortgage (hereinafter "National City" or "Lender") in the principal amount of $672,000.00 for a loan in connection with his purchase of property located at 2655 Grassy Spring Place, Las Vegas, Nevada 89135 (hereinafter the "Property"). (Compl. ¶¶14–15, ECF No. 1; *see* Note, Ex. 1 attached to Compl., ECF No. 1.) The purchase of the Property with the loan was secured by a first position deed of trust ("DOT") which is dated May 10, 2004.[2] (Compl. at ¶ 17; *see* DOT, Ex. 2 attached to Compl., ECF No. 1.) The DOT lists National City Mortgage Co. as the Lender and Fidelity National as the Trustee. (*See* DOT.)

---

[1] The Complaint says the Note was executed on May 12, 2004, but Ex. 1 shows the Note was dated May 7, 2004.
[2] The Complaint says the DOT was executed on November 15, 2004, but Ex. 2 shows the DOT was signed on May 10, 2004.

On July 13, 2009 Cal-Western was substituted in as the trustee under the DOT by "National City Mortgage Co by Cal-Western Conveyance Corporation as Attorney-in-fact." (*See* Substitution of Trustee ("SOT"), Ex. 4 attached to Compl., ECF No. 1.)  On July 15, 2009 Cal-Western recorded a Notice of Breach and Default ("NOD"). (*See* NOD, Ex. 3 attached to Compl., ECF No. 1.)

Approximately one year later, a Certificate of Foreclosure Mediation was recorded on December 1, 2010 stating that foreclosure mediation was held on November 6, 2009 wherein the parties were unable to come to a resolution. (*See* Mediation Certificate, Ex. A attached to Request for Judicial Notice, ECF No. 9–1.)  A Notice of Trustee's Sale was recorded on January 21, 2011 by Cal-Western. (Notice of Sale, Ex. 5 attached to Compl., ECF No. 1.)  Thereafter, an Assignment was recorded assigning the Deed of Trust to "U.S. Bank N.A. as trustee for Bear Stearns Arm Trust 2004-6" ("U.S. Bank") on February 17, 2011. (Second Assignment, Ex. 6 attached to Compl., ECF No. 1.)  The subject property was sold to U.S. Bank at the trustee's sale on April 18, 2011 in the amount of $585,000.00. (Trustee's Deed upon Sale, Ex. 7 attached to Compl, ECF No. 1.)

Plaintiff filed the instant suit on July 21, 2011 alleging nine causes of action: (1) fraud, (2) satisfaction, (3) wrongful foreclosure, (4) violation of N.R.S. § 107, (5) slander of title, (6) interference with contractual relationship, (7) declaratory relief, (8) cancellation of trustee's sale and (9) injunctive relief.

## DISCUSSION

**A.    Legal Standard – Fed. R. Civ. P. 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007). However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim. *Id.* In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Court in Ashcroft further stated "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that

the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B.     Judicial Notice**

A court may judicially notice matters of public record. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). A court can take judicial notice of facts in recorded documents that are not subject to a reasonable dispute. *See Lund v. Harbor View Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-3*, 2011 WL 2470580, *1 n.1 (D. Nev. June 21, 2011).

Defendant requests judicial notice of the certificate of mediation dated November 26, 2010 that was recorded by the Clark County Recorder. The remaining documents upon which the Defendant relies for its motion were attached to Plaintiff's complaint. Plaintiff argues that the Court cannot take notice of the documents because they contain inadmissible hearsay. Plaintiff asserts that the Court cannot take judicial notice of key issues and that recordation is not a substitution for evidentiary proof of the truth of the facts asserted in a recorded document. *See Leber v. Berkley Vacation Resorts, Inc.*, 2009 U.S.Dist. LEXIS 66928, pg. 7 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Courts within this district have routinely taken judicial notice of the publicly recorded documents in foreclosure cases. In fact, it is quite helpful to include the documents as part of the pleadings to ensure that cases that raise meritorious issues are heard. Too many times, this Court has seen suits brought by plaintiffs alleging wrongful foreclosure that simply do not state any causes of action. A motion to dismiss is a proper way to ensure that judicial economy is satisfied and cases alleging proper causes of action are heard.

A party can challenge a request for judicial notice by raising a reasonable dispute as to the authenticity of the documents and the facts contained with the documents. Plaintiff does not do this. He merely argues that they should not be allowed. Plaintiff does not offer any evidence that

would give rise to a reasonable dispute that the facts contained within those documents are false. There is no reason given for the Court to not rely upon them. Accordingly, the Court takes judicial notice of the Foreclosure Mediation Certificate.

Furthermore, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). Therefore, the Court will consider the documents attached by Plaintiff to his complaint.

### 1. Fraud

To prove a claim for fraud or intentional misrepresentation, the plaintiff must establish three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation, (2) an intent to induce another's reliance, and (3) damages that result from this reliance. *Guthrie v. Argent Mort. Co., LLC*, No. 2:11-CV-1811-JCM-PAL, 2011 WL 6140660, at *2 (D.Nev. Dec. 9, 2011)(citing *Nelson v. Heer*, 163 P.3d 420,426 (Nev. 2007)). A claim of "fraud or mistake" must be alleged "with particularity." Fed. R .Civ. P. 9(b); *see also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) ("Federal Rule of Civil Procedure 9(b) ... require[s] [plaintiff] to plead her case with a high degree of meticulousness."). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007).

Plaintiff alleges that PNC made false representations of material fact on February 17, 2011 by recordation of the Assignment of the Deed of Trust. (Compl. at ¶25.) Plaintiff claims that these false representations were that PNC was authorized to and did assign the Note to U.S. Bank/Bear Sterns 2004 trust and that U.S. Bank/Bear Sterns 2004 Trust could accept assignment. (*Id.*) Plaintiff goes on to allege that he reasonably relied on said representations. (*Id.* at 28.)

Defendant argues that it is impossible for Plaintiff to claim that he relied on the said

assignment because it happened after the Plaintiff had defaulted and finished the foreclosure mediation program.  Plaintiff responds that he did rely on the assignment at the mediation program because it was produced at the mediation program.  He claims that had he known the assignment was fraudulent he would have told the mediator and the mediator would not have issued the foreclosure certification.  However, Plaintiff's arguments are inconsistent with the facts on the record.  The assignment took place on February 17, 2011 (this is the date Plaintiff claims the false representations were made) but the foreclosure mediation occurred on November 6, 2009.  Thus, it would have been impossible for Defendant to have produced the document at mediation and therefore, Plaintiff's allegations that he relied on the assignment is demonstrably false.

### 2. Satisfaction

Plaintiff's second cause of action asserts that "the Note has been paid fully satisfying the indebtedness" entitling Plaintiff "to have the Note and DOT discharged of record."(Comp. at ¶¶35–36.)  Plaintiff has not pleaded any factual basis for this claim.

Plaintiff's Complaint fails to meet the pleadings standard established by the Supreme Court in *Iqbal*. 129 S.Ct. at 1949.  Plaintiff's Complaint does not "contain sufficient factual matter ... to state a claim to relief that is plausible on its face." *Id*.  The court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). Furthermore, the court is also not required to "accept at true allegations that contradict matter properly subject to judicial notice." *Id.* The Notice of Default and Election to Sell contradict any allegation that the note has been paid off and fully satisfied.  Accordingly, Plaintiff's second cause of action is dismissed.

### 3. Wrongful Foreclosure

In Nevada, "[a]n action for the tort of wrongful foreclosure will lie if the trustor or

mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev.1983) (citations omitted).

Plaintiff alleges that there was not breach of condition or failure of performance existing on Plaintiff's part. (Compl. at ¶39.)  This is clearly contradicted by the NOD which demonstrates that Plaintiff has been in default under his mortgage for over two years, since April 1, 2009. (*See* NOD.)  Therefore, Plaintiff fails to state a claim for wrongful foreclosure because the judicially noticeable fact that Plaintiff was in default on his mortgage payment effectively rebuts Plaintiff's allegation that he was not in breach of condition or failure of performance.  This claim is dismissed.

### 4. Violation of N.R.S. § 107

Nevada law provides that a deed of trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt." N.R.S. § 107.020(1).  The procedures for conducting a trustee's foreclosure sale are set forth in N.R.S. § 107.080.  To commence a foreclosure, the beneficiary, the successor in interest of the beneficiary, or the trustee must execute and record a notice of the breach and election to sell. N.R.S. § 107.080(2)(c).  The NOD must describe the deficiency in performance or payment. N.R.S. 107.080(3)(a).  After at least three months have elapsed, the trustee or other person authorized to make the sale under the terms of the deed of trust shall give notice of sale in accordance with the posting requirements for residential foreclosures. N.R.S. § 107.080(4).  A foreclosure sale may be declared void if the trustee or other person authorized to make the sale did not substantially comply with the foreclosure statutes. N.R.S. § 107.080(5).

Cal-Western was properly substituted as the Trustee under the Deed of Trust on July 13, 2009. (*See* SOT.)  Two days later, the Notice of Default filed by Cal-Western, was recorded. (*See* NOD.)  Since the trustee, beneficiary or their assigns, or an authorized agent may execute

1    and record the NOD under NRS § 107.080(2)(c), the recordation of the NOD was proper and
2    Plaintiff's allegations fail to state a claim.

3    Plaintiff alleges that the NOD did not describe the deficiency in performance or payment.
4    (Compl. at ¶ 44.)  A review of the NOD shows that the deficiency in performance was noted in
5    that Plaintiff had failed to make his monthly mortgage payments from April 1, 2009 to present.
6    (*See* NOD.)  Thus, the NOD was sufficient.

7    Additionally, Plaintiff argues that N.R.S. § 107.086(2)(a) requires the notice of default to
8    include contact information which the grantor may use to reach a person with authority to
9    negotiate a loan modification. N.R.S. §107.086(b) required the trustee to serve a copy of the
10   notice upon the Mediation Administrator.  Defendant offers a copy of the Certificate of
11   Compliance with Nevada's Foreclosure Mediation program to show that they complied with
12   N.R.S. § 107.086(b). (*See* Mediation Certificate.)  In addition, the Notice of Default plainly
13   provides a number to the Loss Mitigation Department for loan modification information and
14   contact information to determine if reinstatement was possible to discuss if he qualified for a loan
15   modification. (*See* NOD.)

16   Plaintiff also argues that Defendants must comply with N.R.S. §107.085(3)(b) which
17   requires a promissory note to be attached to the Notice of Sale.  However, this section only
18   applies to transfers in trust of real property. N.R.S. § 107.085(1).  Furthermore, Plaintiff attached
19   a copy of the promissory note to his complaint so this claim is disingenuous at best.

20   Accordingly, this claim is dismissed.

21   **5.     Slander of Title**

22   To succeed on a slander of title claim, the plaintiff must show "false and malicious
23   communications, disparaging to one's title in land, and causing special damage." *Exec. Mgmt.,*
24   *Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev.1998) (quoting *Higgins v. Higgins*, 744 P.2d
25   530, 531 (Nev.1987)).  Plaintiff alleges that Defendants knew or acted in reckless disregard of

the truth or falsity of the statement in the NOD that it was "either the original trustee, the duly appointed substituted trustee, or acting agent for the trustee or beneficiary under the Deed of Trust." (Comp. at ¶52.)

As explained above, Cal-Western was properly substituted as trustee. Therefore, it was not a false and malicious statement for Cal-Western to state it was the appointed substituted trustee on the NOD. Accordingly, Plaintiff has failed to state a slander of title claim.

### 6. Interference with Contractual Relationship

To state a claim for interference with a contractual relationship, plaintiff must allege (1) there existed a valid contract between plaintiffs and a third party, (2) defendant knew of the contract, (3) defendant committed intentional acts intended or designated to disrupt the contractual relationship, (4) there was an actual disruption of the contract, and (5) plaintiffs sustained damages as a result. *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 862 P.2d 1207 (Nev. 1993).

Here, Plaintiff claims a valid contract exists between himself and the lender. Plaintiff alleges that Defendant PNC committed intentional acts which were intended or designed to disrupt Plaintiff's contractual relationship with the lender. (Compl. at ¶60.)

The DOT provides that the lender may substitute the trustee and may foreclose on the property if the borrower is in default. (*See* DOT.) The lender substituted Cal-Western as trustee. There cannot be an interference with the contract when Defendants have complied with all the terms of the contract. Accordingly, this claim is dismissed.

### 7. Declaratory Relief, Cancellation of Trustee's Sale, Injunctive Relief

Plaintiff's seventh, eighth and ninth claims are not causes of action but are remedies. Without a viable cause of action in the Complaint, the remedy requests must be dismissed.

### CONCLUSION

**IT IS HEREBY ORDERED** that Defendant PNC Bank Mortgage's Motion to Dismiss

1  (ECF No. 7) is **GRANTED**.

2  Plaintiff's Complaint is **DISMISSED with prejudice** for failure to state a claim under

3  Fed. R. Civ. P. 12(b)(6).

4  **DATED** this 29th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge